## Crutcher v. Hill.

(Decided February 6, 1917.)

### Appeal from McCracken Circuit Court.

1. . Ejectment—Adverse Possession—Evidence.—Where in an action of ejectment the evidence of actual, adverse possession of the land, sued for by the plaintiff, for the statutory period is uncontradicted, the introduction of evidence to show in him a paper title to the land is unnecessary.

2. Adverse Possession—Limitation of Actions.—A parol agreement between the plaintiff and an adjoining land owner from whom the defendant derived title, fixing the dividing line between their lands, even in the absence of a bona fide dispute as to its true location, and which agreement was immediately followed by the erection at their joint expense of a fence upon the agreed line and the actual, adverse possession by the plaintiff for fifteen years of the land on his side of such fence up to the fence, such possession barred any right of defendant to take possession of any part of the land on the plaintiff's side of the fence.

BERRY & GRASSHAM for appellant.

W. N. OLIVER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

In this action of ejectment brought by the appellee, J. R. Hill, in the court below against the appellant, W. P. Crutcher, the trial resulted in a verdict declaring the former the owner of the parcel of land sued for, describ- ed in the petition as being from 30 to 50 feet in width and about 150 poles in length. From the judgment entered upon that verdict Crutcher has appealed. Three grounds are urged by the appellant for the reversal of the judgment, viz.: First, that the trial court erred in refusing the peremptory instruction asked by appellant directing the jury to return a verdict in his behalf; sec- ond, that the court erred in giving to the jury instruc- tions 1 and 2 as the law of the case; third, that the ver- dict is contrary to law and is not sustained by sufficient

evidence. The appellant failed to assert title in himself to the land in controversy and, by an agreed order entered at his instance, controverted of record the averments of appellee's petition as amended, which constituted only a denial of the latter's title to the land. The only evidence heard on the trial was furnished by witnesses in behalf of the appellee. No evidence whatever was offered by the appellant.

It appears from the evidence that appellant and appellee owned adjoining tracts of land, that of appellant lying on the east of that of appellee. Appellee's land was inherited from his father, and that of appellant was acquired, in part, by inheritance from his father, and, in part, by purchase. The land in controversy is a strip from 30 to 50 feet in width and about 150 poles in length, connecting their lands. The original line between the respective tracts, as claimed by appellee, is the east line of the strip in controversy, while the line, as claimed by appellant, is its west line. According to the testimony of appellee and a majority of the eight witnesses introduced in his behalf, the original line between the Hill and Crutcher lands is as claimed by appellee; and appellee and practically the entire eight witnesses testified that the strip of land in controversy has been in the actual adverse possession of appellee to the line as claimed by him, since 1892. He and they also testified that the land now owned by the appellant was, in 1892, and for many years prior thereto, owned by appellant's father, J. B. Crutcher, and that in that year the line, as now contended for by appellee, was by agreement between him and J. B. Crutcher recognized and established as the dividing line of their respective lands; at which time a fence was erected thereon, one-half thereof by appellant's father and the remaining half by appellee, which fence is still standing; that appellee was then in posession of the strip of land in controversy, and has since continuously been in the actual adverse possession thereof, and had the greater part of it in cultivation year by year, until 1913, when the appellant erected on appellee's land a wire fence 30 or more feet from the old fence and about 400 yards in length, and thereupon took possession of the strip in controversy, which led to the institution by appellee of this action for its recovery.

It further appears from the evidence that appellant, after his acquisition of the land adjoining appellee's, recognized the old fence as the dividing line between

their lands until he erected the wire fence. Appellant's only excuse for erecting the wire fence on appellee's land is that it was placed on a line claimed by him to have been established by commissioners, who acted by appointment of the court in making a division of the lands of J. B. Crutcher, deceased, by which report he was allotted the land adjoining that of appellee. Appellant produced on the trial the commissioners' report which he attempted to have identified by one of appellee's witnesses on the cross-examination of the latter, but it does not appear from the record that the commissioners' report was introduced in evidence. Hence, we are unable to say whether it established the line as claimed by appellant, but if it had been shown to have done so, appellee would not have been bound by the report as he was not a party to the suit for the division of the Crutcher lands and was not present when the line in question was run or fixed by the commissioners. Moreover, they had not the power, without the consent of appellee, to change the line from where it had been established by agreement between J. B. Crutcher, deceased, and appellee.

It is manifest from the evidence, which appellant made no attempt to contradict, that his complaint of the refusal of the trial court to give the peremptory instruction directing a verdict in his behalf is unsupported by anything appearing in the record; and equally manifest that his further complaint that the verdict is contrary to law and not sustained by sufficient evidence, is wholly without merit. Any other verdict than that returned by the jury would have been unauthorized by the evidence. Indeed, there was such a conclusive showing of appellee's actual, adverse possession of the land, arising from its enclosure by the old fence and his yearly cultivation of it for 15, in fact, more than 21 years as made the statute of limitations a complete bar to any right of entry on the part of appellant.

If the evidence had definitely shown a bona fide dispute between appellee and J. B. Crutcher, appellant's father, as to the true location of the line of division between their lands, resulting in the parol agreement establishing it where they erected the old fence, their subsequent acquiescence in the agreed line for a considerable time, though it had been short of 15 years, would have made the agreement valid and binding upon them and their successors in title. But as the evidence does not

show such dispute at the time of or previous to the fixing of the agreed line by appellee and J. B. Crutcher, nevertheless, the fact that the agreement is clearly established by the evidence, that the fence was built in pursuance of the agreement, and that the fence was recognized and acquiesced in by both parties and also by the appellant after the death of his father such length of time as permitted appellee to have and hold the actual adverse possession of the land in controversy to the old fence erected by himself and J. B. Crutcher on the agreed line, for the statutory period of 15 years before the entry of appellant upon the land, gave appellee such a possessory right and title thereto as tolled such right of entry upon the part of appellant, and entitled appellee to sue for and recover the land, as was done in the instant case. Garvin, etc. v. Threlkeld, 173 Ky. 262.

Our examination of the two instructions that were given by the court convinces us that they fairly and fully presented to the jury all the law applicable to the issues of fact raised by the pleadings and proof. Judgment affirmed.